**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO RODRIGUEZ-MEPFORDS

Defendant - Appellant.

No. 10-50263

D.C. No. 3:07-cr-02089-WQH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 11, 2011
Pasadena, California

Before: B. FLETCHER, WARDLAW, and KAVANAUGH,[**] Circuit Judges.

At his supervised-release hearing, Sergio Rodriguez-Mepfords admitted that

he had violated two conditions of his supervised release – a prohibition on illegally

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

[**]      The Honorable Brett M. Kavanaugh, Circuit Judge for the District of
Columbia Circuit, sitting by designation.

reentering the United States after being deported and a prohibition on committing a crime in the United States. The government had apparently told Rodriguez-Mepfords before the hearing that it would recommend a six-month sentence for those violations.

The district court accepted Rodriguez-Mepfords's admissions without warning him that the maximum possible sentence for revocation of his supervised release was two years. After accepting the admissions and then hearing the government's sentencing recommendation of six months' imprisonment, the district court indicated that it would likely impose a sentence longer than the six months recommended by the government. Rodriguez-Mepfords then attempted to withdraw his admissions of violations.

The district court denied Rodriguez-Mepfords's motion to withdraw his admissions, revoked his supervised release, and sentenced him to 12 months in prison.

When the district court denied the withdrawal motion, it did not state the legal standard it was applying. When a district court fails to state the legal standard it is applying, "we must conclude it abused its discretion." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

We therefore must vacate and remand the district court's decision revoking Rodriguez-Mepfords's supervised release. On remand, the district court should state and apply the "fair and just reason" standard, *cf.* Fed. R. Crim. P. 11(d), the legal standard which both Rodriguez-Mepfords and the government agree is proper in this context.

**VACATED AND REMANDED**.